TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
*thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PRESTON HOUSE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TH FOODS, INC. a Foreign Corporation;<br><br>Defendant. | CASE NO: 2:24-cv-01326-JAD-NJK<br><br>**AMENDED COMPLAINT**<br><br>**(Jury Trial Demanded)** |

COMES NOW, Plaintiff PRESTON HOUSE (hereinafter, "Plaintiff"), by and through his counsel, of the law firm of Hatfield & Associates, Ltd., with Plaintiff's Amended Complaint and alleges upon information and belief against the above-captioned Defendant as follows with edits in bold type:

**PARTIES**

1. At all times relevant hereto, Plaintiff, residing in Las Vegas, Clark County, Nevada.

2. Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq., and applicable case law.

3. Defendant is a foreign corporation that operates in the State of Nevada.

4. Defendant regularly employs fifteen or more persons.

///

///

**JURISDICTION AND VENUE**

5. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

6. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, or resided, and Defendant resides or resided, and/or regularly conducts business.

**ADMINISTRATIVE PREREQUISITES**

7. Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5, as follows:

8. Plaintiff was subjected to discrimination and retaliation by his employer on or about February 14, 2024, and Plaintiff thereafter timely filed a formal charge of discrimination with the Nevada Equal Rights Commission [hereinafter "NERC"]. NERC has a file sharing agreement with the Equal Employment Opportunity Commission [hereinafter "EEOC"].

9. Plaintiff promptly and diligently accommodated all NERC and EEOC requests for information and fully cooperated in the investigation of his charge.

10. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and Plaintiff has timely filed this action.

11. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

## <u>FACTUAL ALLEGATIONS</u>

12. Plaintiff is an African American male. **African Americans are a protected class of citizens.** Plaintiff was hired by Defendant in June 2022. Plaintiff's most recent job title was Operations Manager. **Plaintiff performed his job satisfactorily.**

13. In or around November 2022, Plaintiff notified Defendant regarding the Plant Manager, Tai Nguyen's, racially motivated comments **toward Plaintiff**. These comments included "Preston lives in the hood here in Henderson." **Defendant did not want to hear any reports or complaints about race. Plaintiff thereafter was treated with contempt by Defendant in retaliation for complaining of these racially-motivated comments.**

14. Plaintiff was subsequently **falsely** disciplined in July 2023 for alleged conduct and communication shortfalls **unrelated to his job performance**.

15. On or about August 17, 2023, a **Human Relations** generalist **employee of Defendant falsely** accused Plaintiff of speaking aggressively to an hourly employee.

16. On or about January 8, 2024, Plaintiff was accused by an employee of Defendant for getting Mr. Nguyen fired.

17. On or about January 24, 2024, Plaintiff was issued a **false and contrived** disciplinary action for allegedly calling another manager a "faggot."

**18.** In or about January 2024, **Plaintiff** reported employees who were speaking Spanish **derogatorily toward Plaintiff. Plaintiff's report was rebuffed by Defendant.**

19. On or about February 6, 2024, Plaintiff filed a complaint against **Defendant's** maintenance manager **employee**, Rusty Fuller, for **untruthfully** saying that Plaintiff had had work performance issues since starting **Plaintiff's** employment in June of 2022.

///

///

20. Subsequently after that, on February 14, 2024, **Plaintiff** was placed on a Performance Improvement Plan (PIP) **in retaliation for making complaints about his treatment at work**. **The PIP was an adverse employment action taken by Defendant toward Plaintiff.**

21. Plaintiff was discriminated against and retaliated against because of his **racial** ethnicity. **Other people not of Plaintiff's race were treated favorably by not being unfairly disciplined.** At all relevant times, Plaintiff fully, adequately, and completely performed all functions, duties, and responsibilities of his employment with Defendant.

22. **Defendant created working conditions so intolerable and aggravated toward Plaintiff due to his race and in retaliation for complaining of racially motivated comments and engaging in a protected activity of complaining of unfair and disparate treatment that any reasonable person in Plaintiff's employment position with Defendant would feel compelled to resign. Plaintiff made Defendant aware of the intolerable and unfair working conditions. Defendant could have remedied these conditions but did not do so. Defendant tortiously constructively discharged Plaintiff on February 14, 2024.**

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION AGAINST DEFENDANT

### (Discrimination Under Federal Anti-Discrimination Statutes in Violation of Title VII of the Civil Rights Act of 1964, As Amended)

23. Plaintiff incorporates by reference the allegations set forth in the proceeding paragraphs of the Complaint as set forth at length herein.

24. Defendant's conduct as detailed herein was in fact illegal. Plaintiff, a member of protected classes, was subjected to **racial** discrimination and hostility, disparate treatment and retaliation for reporting discrimination in the workplace that was directed toward him, a protected activity, all of which are illegal activities as directed, ratified and tolerated by his employer.

25. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to him as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity and other intangible injuries in an amount to be proven at trial.

26. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct and intentional retaliation.

27. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain services of the law offices of Hatfield & Associates, Ltd. to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney fees and costs which have been reasonably incurred.

**SECOND CAUSE OF ACTION**

**(Violation of Nevada Statutory Protections)**

28. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

29. NRS § 613.330 makes it unlawful for an employer to discriminate against any employee because of their race **and to retaliate against an employee for engaging in a protected activity.** Plaintiff was discriminated against due to his race. **Plaintiff engaged in a protected activity of apprising Defendant of this discrimination, hostility and disparate treatment based on his race.** Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to race related and motivated discriminatory practices and hostility, and actions **and retaliation for reporting race related and motivated discriminatory practices and activities** all of which are illegal activities as directed, ratified tolerated by his employer.

///

30. As a direct and proximate result of Defendant's violation of N.R.S. § 613.330, Plaintiff has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Therefore, Plaintiff seeks all legal and equitable remedies available at law.

31. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

32. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

**REQUEST AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and damages against Defendant as follows:

1. Full back pay, and benefits and reinstatement of sick leave time that Plaintiff would have obtained in the absence of discrimination or, in the alternative, front pay;

2. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses within this Court's jurisdiction subject to proof;

3. An award to Plaintiff for general damages, including but not limited to emotional distress damages, within this Court's jurisdiction subject to proof;

4. An award to Plaintiff for exemplary and/or punitive damages;

5. An award to Plaintiff for reasonable attorney's fees and costs;

6. An award to Plaintiff for interest on any awards at the highest rate allowed by law;

///

///

**7.** And such other and further relief as this Court deems just and appropriate.

Dated this **14th day of November 2024.**

**HATFIELD & ASSOCIATES, LTD.**

By: /s/ *Trevor J. Hatfield*
Trevor J. Hatfield, Esq. (SBN 7373)
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on the 14th day of November 2024, I electronically filed and served the foregoing **PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of the Court by using the ECF system.

Dated this 14th day of November 2024.

By: */s/ Freda P. Brazier*
An employee of Hatfield & Associates, Ltd.