UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Preston House, | Case No.: 2:24-cv-01326-JAD-NJK |
| Plaintiff | |
| v. | **Order Granting in Part Defendant's Motion to Dismiss** |
| TH Foods, Inc., | [ECF Nos. 24, 47, 55, 57] |
| Defendant | |

Plaintiff Preston House sues his former employer TH Foods, Inc. under Title VII of the Civil Rights Act of 1964 and Nevada's state-law corollary.[1] The employer moves to dismiss House's first-amended complaint, arguing that its allegations are too thin to state any claim for relief, and to the extent that House pleads a constructive-discharge claim, it is barred because he failed to exhaust it.[2] House's counsel filed an opposition[3] and then withdrew, and House has since filed several supplemental oppositions, which the employer moves to strike.[4] I find that House has pled a plausible claim for retaliation, but I grant the motion to dismiss any other theories as insufficiently pled. And because the court's inquiry on a motion to dismiss is confined to the four corners of the complaint, I deny House's request to supplement his opposition with outside-the-record evidence, and I grant the employer's motions to strike his additional filings.

---

[1] ECF No. 18.
[2] ECF No. 24.
[3] ECF No. 33.
[4] ECF Nos. 47, 57.

**Discussion**

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[5] Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[6] The court must then consider whether the well-pled factual allegations state a plausible claim for relief.[7] A claim is facially plausible when it contains facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[8] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[9]

House frames his complaint as two causes of action: (1) "Discrimination under Federal Anti-Discrimination Statutes in Violation of Title VII of the Civil Rights Act of 1964, as Amended," and (2) "Violation of Nevada Statutory Protections."[10] The employer characterizes these causes of action to include claims for constructive discharge, racial discrimination, and retaliation. It argues that the constructive-discharge claim must be dismissed because House failed to exhaust it as part of his administrative claim with the Nevada Equal Rights Commission (NERC) or the Equal Employment Opportunity Commission (EEOC), and even if he had

---

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).
[6] *Id.*
[7] *Id.* at 679.
[8] *Id.*
[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[10] ECF No. 18 at 4–5.

properly exhausted it, the claim must be dismissed because House has not pled facts to state a constructive-discharge claim. They challenge his racial-discrimination and retaliation claims as insufficient in myriad ways.[11] House's counseled, two-page opposition provides no substantive response to any of these points and offers to amend the complaint to fix any perceived deficiency—but without providing a proposed amended complaint as this district's local rules require.[12] House attempts to make up that deficiency by late-filing exhibits that he believes would support his claims.[13]

**A.    House has pled a plausible retaliation claim.**

To state a prima facie case of retaliation, a plaintiff must show (1) that he "undertook a protected activity under Title VII," (2) defendants subjected him to an adverse employment action, and (3) that there exists "a causal link between the two."[14] House's complaint states a plausible claim for retaliation. Construed in the light most favorable to him, House's allegations state that he reported his manager's racially motivated comments and "thereafter was treated with contempt by" the employer "in retaliation for complaining of these racially motivated comments."[15] That contempt manifested itself as several "false and contrived" disciplinary actions for bogus reasons,[16] and House was ultimately placed on a performance improvement

---

[11] ECF No. 24.
[12] L.R. 15-1(a).
[13] ECF Nos. 46, 55, 56.
[14] *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003).
[15] ECF No. 18 at 3.
[16] *Id*.

plan (PIP) "for making complaints about his treatment at work."[17]  At this early stage of litigation, this is enough to state a claim for retaliation.

**B.       House has failed to state facts to support a racial-discrimination claim.**

The same cannot be said for House's racial-discrimination claim.  To state a claim for racial discrimination, a plaintiff must show that: (1) he is a member of a protected class (2) who was qualified for his position (3) but was subject to an adverse employment action (4) for a discriminatory reason or to which similarly situated individuals outside his protected class weren't subjected.[18]  While House's allegations show that he is an "African-American" male and thus a member of a protected class and that he "performed his job satisfactorily,"[19] no fact suggests that he was treated differently from non-African-American employees or suffered any adverse action *due to his race*.  At most, he states that his manager made the comment that "Preston lives in the hood," and he characterizes this as a "racially motivated comment[]."[20]  And he recounts various "false and contrived" disciplinary actions taken against him.[21]  Although House states that he "was discriminated against and retaliated against because of his racial ethnicity," this is an entirely conclusory statement and he offers no facts from which that motivation can be inferred.  So I grant the motion to dismiss his racial-discrimination claim.

---

[17] *Id*. at 4.

[18] *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123–24 (9th Cir. 2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

[19] ECF No. 18 at 3–4.

[20] *Id*. at 3.

[21] *Id*.

C. **House's allegations also fall short of stating a constructive-discharge claim.**

The third and final theory of employer liability that appears to be raised by House's complaint is constructive discharge. He alleges that the retaliatory acts against him, including the false accusations, bogus disciplinary actions, and placement on a PIP "created working conditions so intolerable and aggravated toward" him "that any reasonable person in [his] employment position with Defendant would feel compelled to resign . . . ."[22] The employer moves to dismiss this claim on two grounds: failure to exhaust administrative remedies and insufficiency of the factual allegations.[23]

To the extent that the employer seeks dismissal based on a failure to exhaust, I deny the motion. An employment claim is deemed exhausted by the administrative process if it is "like or reasonably related" to the allegations contained in the charge of discrimination before the Equal EEOC or its state equivalent.[24] The Ninth Circuit has found that claims are "reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case."[25] The court must inquire "whether the original EEOC investigation would have encompassed the additional charges."[26]

House's constructive-discharge claim is based on the same set of "working conditions" that underlie his retaliation claim, and they are the same events recounted in his charge of

---

[22] *Id.* at 3–4.

[23] ECF No. 24 at 8.

[24] *Green v. Los Angeles Cnty. Superintendent of Schs.*, 883 F.2d 1472, 1475–76 (9th Cir. 1989) (quoting *Brown v. Puget Sound Elec. Apprenticeship & Training Tr.*, 732 F.2d 726, 729 (9th Cir. 1984)).

[25] *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) (quoting *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) *abrogated on other grounds by Fort Bend Cnty., Texas v. Davis,* 587 U.S. 541 (2019)).

[26] *Green*, 883 F.2d at 1476.

discrimination.[27] So House is not barred from asserting a constructive-discharge claim in this case based on a failure to note a constructive discharge in his charge of discrimination.

But his constructive-discharge claim nevertheless fails because he does not plead a fact to support it. "The constructive-discharge doctrine contemplates a situation in which an employer discriminates against an employee to the point such that his "working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign."[28] "When the employee resigns in the face of such circumstances, Title VII treats that resignation as tantamount to an actual discharge."[29] A constructive-discharge claim has two elements: the plaintiff "was discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign," and he "actually resigned."[30]

House has not stated in his complaint that he actually resigned. He says, "Defendant tortiously constructively discharged plaintiff on February 14, 2024,"[31] but this is a legal conclusion, not a fact from which this court can infer a constructive discharge. The other allegations in the complaint also make it difficult to determine when, if at all, House resigned. February 14, 2024, was also the day he was "placed on" the PIP.[32] But House says nothing about quitting that day—or any day for that matter. Indeed, the amended complaint is entirely

---

[27] *Compare* ECF No. 18 *with* ECF No. 24-1. *See, e.g.*, *Johns v. Brennan*, 761 Fed. App'x. 742 (9th Cir. 2019) (finding that constructive-discharge claim based on pattern of treatment disclosed in the administrative process was exhausted).

[28] *Green v. Brennan*, 578 U.S. 547, 555 (2016) (quoting *Pennsylvania State Police v. Suders*, 542 U.S. 129, 141 (2004)).

[29] *Id.*

[30] *Id.*

[31] ECF No. 18 at ¶ 22.

[32] *Id.* at ¶ 20.

silent about the circumstances of House's departure from TH Foods, assuming he did leave the company. So to the extent that House intends to assert a constructive-discharge claim, he has failed to plead one. For that reason, I dismiss his claim for constructive discharge.

**D.    Leave to amend is denied.**

Having dismissed two of the plaintiff's three theories, I consider whether to grant leave to amend.[33] Although Rule 15 of the Federal Rules of Civil Procedure directs that leave to amend "shall be freely given when justice so requires,"[34] it "is not to be granted automatically."[35] This court's local rules also require litigants who desire leave to amend to provide the court with a proposed amended complaint[36] so that the court can ensure that amendment would not be futile or merely result in a successful motion to dismiss.[37]

I find at this point that leave to amend would be futile. The operative complaint was House's second counseled complaint, which was amended in the face of a pending motion to dismiss and with the goal of curing its deficiencies.[38] That amendment did not cure the deficiencies, and nothing in the record demonstrates that, at this time, the plaintiff could plead the necessary *facts* from which this court could infer the missing elements of his constructive-discharge and racial-discrimination claims. And while counsel requested an opportunity for amendment in the opposition to this motion to dismiss, he did not attach the proposed amended

---

[33] I note that, while House no longer has counsel, his amended complaint was drafted by counsel, so it was not a pro se complaint; his opposition to this motion to dismiss was also drafted by counsel.

[34] Fed. R. Civ. P. 15(a).

[35] *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

[36] L.R. 15-1(a).

[37] *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal.").

[38] ECF No. 15.

complaint required by Local Rule 15-1(a), and he did not identify any additional facts he could allege to cure any defect. So I deny the bald request in House's opposition asking for leave to amend.

### E. Requests to file—or strike—additional materials

Finally, I address the issue of the supplemental materials that House has submitted in conjunction with the motion to dismiss. After his attorney filed the opposition to the motion to dismiss, House submitted supplemental documentation, including emails and medical records. But it's not appropriate for a court to consider such extrinsic materials on a motion to dismiss brought under Rule 12(b)(6) like this one was. Such a motion tests the sufficiency of the allegations to state a claim, which is determined exclusively by analyzing the words within the four corners of the complaint. So, "[a]s a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'"[39]

One exception to this rule of exclusion is that the court may consider documents referenced in, but not attached to a complaint.[40] That exception permits this court to consider the plaintiff's charge of discrimination and related documents that he filed at ECF No. 46-1. But it doesn't allow the court to consider the November 2022 email exchange that he filed at ECF No. 46-2. The charge of discrimination is already in the record—the employer attached it to the motion to dismiss at ECF No. 24-1, so there is no need for it to be resubmitted. So I grant the employer's motion to strike House's supplemental filing at ECF No. 46.

---

[39] *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)).

[40] *Id*.

1    More than a month after House's counsel filed the opposition to the motion to dismiss, House filed a motion for leave to file even more supplemental exhibits.[41] Those documents consist of emails, text messages, and diary entries. Because these are not documents described in the complaint, they are inappropriate for consideration with the motion to dismiss. So I deny the motion for leave to file them. At the same time, House filed a separate declaration in support of his opposition, for which he did not seek leave of court.[42] Attached to that declaration are more than a hundred pages of medical records.[43]

   Local Rule 7-2 allows a party opposing a motion to make just one filing—his response—and it makes clear that "[a] party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court."[44] House's declaration is a rogue filing made without leave of court, so I grant the employer's motion to strike it.[45] But to the extent the employer seeks to strike the exhibits attached to House's motion for leave to file supplemental exhibits, I deny the motion as moot.

## Conclusion

   IT IS THEREFORE ORDERED that the motion to dismiss **[ECF No. 24] is GRANTED in part and denied in part**. Plaintiff Preston House's claims for **racial discrimination and constructive discharge are DISMISSED** without prejudice but also without leave to amend. This case proceeds on House's claim for retaliation only.

---

[41] ECF No. 55.
[42] ECF No. 56.
[43] *Id.*
[44] L.R. 7-2(g).
[45] ECF No. 47.

9

IT IS FURTHER ORDERED that Defendant TH Foods Inc's motion to strike ECF No. 46 **[ECF No. 47] is GRANTED**; plaintiff's motion for leave to file supplemental exhibits **[ECF No. 55] is DENIED**; and the defendant's motion to strike ECF Nos. 55 and 56 **[ECF No. 57] is GRANTED as to ECF No. 56 only**. **The Clerk of Court is directed to STRIKE ECF No. 46 and ECF No. 56 from the docket**, and House is cautioned that supplemental filings are not permitted without leave of court.

_____
U.S. District Judge Jennifer A. Dorsey
March 25, 2025