UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Preston House, | Case No.: 2:24-cv-01326-JAD-DJA |
| Plaintiff | |
| v. | **Order Denying Motion** <br> **re: § 1981 Claim** |
| TH Foods, Inc., | [ECF No. 91] |
| Defendant | |

Plaintiff Preston House sues his former employer TH Foods, Inc. under Title VII of the Civil Rights Act of 1964 and Nevada's state-law corollary.[1] Motions to dismiss left House with a single claim for retaliation based on his allegations that he was subjected to "false and contrived" disciplinary actions for bogus reasons after he reported his manager's racially motivated comments.[2] House now moves "for an order clarifying and confirming that his "operative complaint sufficiently alleges a claim for race-based retaliation under 42 U.S.C. § 1981," and if not, he asks for leave to amend to state such a claim.[3]

House does not presently have a § 1981 claim. His amended complaint, which was counseled and is the operative one in this case, does not mention that statute.[4] And when I evaluated the motion to dismiss and left him with his "claim for retaliation only," I did so under Title VII and Nevada's state corollary only.[5] So for House to move forward with a § 1981 claim, he would need leave to amend.

---

[1] ECF No. 18.

[2] ECF No. 64.

[3] ECF No. 91. I find this motion suitable for disposition without waiting for a response.

[4] *See generally* ECF No. 18.

[5] *See* ECF No. 64.

But the deadline to seek amendment passed months ago,[6] and House does not ask to extend that deadline or provide the showing needed to obtain that relief.[7]  Plus, this court's Local Rule 15-1(a) requires a plaintiff moving for amendment to "attach the proposed amended pleading" to the motion for leave,[8] and House has not done that.  So House has not carried his burden to obtain leave to amend to assert a § 1981 claim based on the instant filing.

**Conclusion**

IT IS THEREFORE ORDERED that the motion to clarify or for leave to amend **[ECF No. 91] is DENIED without prejudice.**

_____
U.S. District Judge Jennifer A. Dorsey
July 1, 2025

---

[6] ECF No. 28 (deadline to amend pleadings was January 22, 2025).

[7] L.R. 26-3 ("A request [to extend a scheduling order deadline] made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect."); *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 765 (9th Cir. 2017) (noting that a request to amend a complaint after the amendment deadline requires a showing of good cause and excusable neglect).

[8] L.R. 15-1(a).