UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Preston House,<br><br>                    Plaintiff,<br><br>       v.<br><br>TH Foods, Inc.,<br><br>                    Defendant. | Case No. 2:24-cv-01326-JAD-DJA<br><br>**Order** |

Before the Court is Defendant TH Foods, Inc.'s motion to extend discovery deadlines (ECF No. 71) and supplemental motion (ECF No. 96), which supplement seeks to stay discovery. Also before the Court is Defendant's motion to compel pro se Plaintiff Preston House to sign a Health Insurance Portability and Accountability Act ("HIPAA") release (ECF No. 74) and motion to compel Plaintiff to produce notes on which he relied at his deposition (ECF No. 81). Plaintiff moves to quash certain of Defendant's subpoenas to third parties. (ECF No. 77). Defendant also moves to seal documents attached to its response to Plaintiff's motion to quash. (ECF No. 82).

Because Defendant has shown good cause to extend discovery, but not to stay it, the Court grants Defendant's motion to extend discovery (ECF No. 71) and denies its supplemental motion (ECF No. 96). Because Defendant has shown that Plaintiff has put his mental health and medical records at issue in this litigation to a certain extent, the Court grants Defendant's motion to compel Plaintiff to sign a HIPAA release. (ECF No. 74). Because Plaintiff and Defendant have failed to include meet and confer certifications in Plaintiff's motion to quash and Defendant's motion to compel Plaintiff to produce his notes, the Court denies those motions without prejudice. (ECF Nos. 77, 81). Finally, because Defendant has shown good cause to seal documents, which

documents contain Plaintiff's medical records or references to those records, the Court grants Defendant's motion to seal. (ECF No. 82).

**I.      Defendant's motion to extend discovery deadlines.**

Defendant requests a thirty-day extension of the discovery deadlines to allow it to obtain Plaintiff's medical records. (ECF No. 71). Defendant explains that Plaintiff has refused to sign a release of those records, necessitating the extension. Plaintiff opposes the motion, arguing that he already provided his medical records. (ECF No. 72). Defendant explains in reply that it is seeking to obtain records from Plaintiff's providers directly and so, it does not matter that Plaintiff already provided certain medical records that he had in his possession. (ECF No. 73).

Since filing its motion, Defendant filed a supplement to its motion to extend discovery deadlines. (ECF No. 96). In that supplement, Defendant modifies its request. Instead of asking for an extension of all discovery deadlines, Defendant asks that the court "allow for the completion of discovery already in process at the time of the June 21, 2025 discovery cut-off and suspend expert discovery until the Court has had an opportunity to adjudicate dispositive motions." Plaintiff opposes the supplemental motion. (ECF No. 99).

The Court finds that Defendant has shown good cause to extend the discovery deadlines. *See* Fed. R. Civ. P. 16(b); *see* LR 26-3. So, the Court grants Defendant's motion to extend discovery. The Court will *sua sponte* extend the discovery deadlines by 120 days because certain of Defendant's proposed deadlines have already passed.

However, the Court does not find that Defendant has made the requisite showing for its second, supplemental request, which seeks a stay of discovery. Defendant has not filed points and authorities supporting its request for a stay. The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 569, 600-01 (C.D. Cal. 1995). And, in evaluating the propriety of a stay, this Court analyzes: (1) if the dispositive motion can be decided without further discovery; and (2) whether good cause exists to stay discovery. *Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021). Because Defendant has not briefed this standard, the Court denies its supplemental motion.

## II. Defendant's motion to compel HIPAA Authorization.

Defendant moves to compel Plaintiff to sign a HIPAA compliant release, explaining that Plaintiff's medical and mental health providers will not release his records in response to Defendant's subpoenas without one and that Plaintiff refuses to sign one. (ECF No. 74). Defendant points out that Plaintiff has claimed emotional distress damages in his lawsuit and seeks millions of dollars in damages, making his medical and mental health records relevant. Defendant also points out that Plaintiff cannot dispute the relevance of the records because Plaintiff himself has produced certain of his medical records that he had in his own possession. Plaintiff opposes Defendant's motion, arguing that he has already produced his medical and mental health records and so, Defendant seeks redundant information by seeking the records directly from Plaintiff's providers. (ECF No. 75). Plaintiff argues that Defendant is simply speculating that his providers will have more documents than Plaintiff has provided. Defendant argues in reply that it is entitled to obtain Plaintiff's records directly from his providers instead of being forced to rely on records that Plaintiff has unilaterally selected to produce. (ECF No. 76). Defendant adds that it requires the records directly from providers so that Defendant can verify the records for the purpose of admissibility.

Under Federal Rule of Civil Procedure 26(b)(1),

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

However, with respect to psychiatric records, even if the evidence is relevant, the Court must determine if the federal psychotherapist privilege applies to protect the information. *See Fitzgerald v. Cassil*, 216 F.R.D. 632, 635 (N.D. Cal. 2003). The Supreme Court has recognized a psychotherapist-patient privilege under federal common law. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). The federal privilege applies to cases involving both state and federal claims if the records at issue are relevant to both state and federal claims. *Cassil*, 216 F.R.D. at 635.

Parties may waive the psychotherapist-patient privilege and their general privacy rights over medical records by putting their mental health and medical conditions at issue in a case. *Id.* In deciding whether to find that a plaintiff has waived the psychotherapist-patient privilege, courts in the Ninth Circuit apply one of three tests: (1) the broad approach; (2) the narrow approach; or (3) the middle ground approach. *See Cassil*, 216 F.R.D. at 636-38. Under the broad approach, "courts have held that a simple allegation of emotional distress in a complaint constitutes waiver." *Id.* (collecting cases). Under the narrow approach, courts have held that the plaintiff must affirmatively rely on the psychotherapist-patient communications before the court will deem the privilege waived. *Id.* (collecting cases). Under the middle ground approach, courts generally find a waiver when the plaintiff has done more than allege "garden variety" emotional distress. *Id.* (compiling cases).

In *Roberts v. Clark County School District*, a court in this district relied on the middle ground approach. *See Roberts v. Clark County School District*, 312 F.R.D. 594, 607 (D. Nev. 2016). It explained that "[g]arden variety emotional distress has been described as one court as 'ordinary or common place emotional distress,' which is 'simple or usual.'" *Id.* The court contrasted "garden-variety" emotional distress with "emotional distress that 'may be complex, such as that resulting in a specific psychiatric disorder.'" *Id.* It noted that "[a] number of courts in the Ninth Circuit have held that the physician-patient privilege is not waived where a plaintiff alleges 'garden-variety' emotional distress and does not rely on medical records or medical expert testimony for proof at trial." *Id.* (*citing e.g.*, *EEOC v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 640-41 (E.D. Wash. 2011) (collecting cases and finding that the physician-patient privilege was not waived as to plaintiff's medical records because she intended to support her garden-variety emotional distress damages through evidence other than medical records or expert testimony)).

The Western District of Washington addressed what types of emotional distress claims are "garden variety" and which are not in *Ginter v. BNSF Ry. Co.*, No. C13-00224-RSM, 2014 WL 294499, at *3 (W.D. Wash. Jan 24, 2014). There, the court found that the plaintiff had waived his psychotherapist-patient privilege and required the plaintiff to sign a HIPAA-compliant medical release. *Id.* In doing so, the court explained that "[p]laintiff could have potentially avoided the

waiver issue by limiting his request for damages to general emotional harms like 'humiliation, embarrassment, anger, and other similar emotions.'" *Id.* (citing *Carrig v. Kellogg USA Inc.*, No. 12-837-RSM, 2013 WL 392715, at *2 (W.D. Wash. Jan. 30, 2013)). But the court noted that the plaintiff had chosen "to pursue damages claims for anxiety and depression, which are not 'garden-variety' emotional distress claims." *Id.* (citing *Santelli v. Electro-Motive*, 188 F.R.D. 306, 309 (N.D. Ill. 1999)). The court also noted that "[i]f there is evidence to show that plaintiff's emotional distress may have been caused by something besides the workplace injury, fairness dictates that the employer should be permitted access to that evidence." *Id.*

Here, using the middle ground approach, the Court will grant Defendant's motion to compel Plaintiff to sign a HIPAA compliant medical release.[1] Plaintiff has put his mental health and medical records at issue in this case. His emotional distress claims fall somewhere in between "garden variety," which claims do not serve to waive the psychotherapist-patient privilege, and the more specifically alleged emotional distress claims that do. In his amended complaint, Plaintiff alleges that he has suffered "emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity…[and] loss of self-esteem." (ECF No. 18 at 5-6). These are "garden-variety" allegations. But on the other hand, Plaintiff seeks $10,000,000.00 in damages for "emotional distress & mental anguish" alone, indicating that his emotional distress claims exceed "garden-variety." (ECF No. 74-5 at 3). Plaintiff has also revealed more details about his mental health treatment and potential other reasons for its causes in his deposition and has produced his own mental health and medical records in this case, indicating that his emotional distress claims are more specific than the "garden-variety" claims he alleges in his complaint. (ECF No. 84 at 3-4). Indeed, Plaintiff asserts that the records he produced include information showing "inpatient and outpatient treatment for work-related claims," "expert evaluations

---

[1] The parties do not distinguish between Plaintiff's medical records and mental health records in their motions, but refer to them interchangeably. Because medical records may encompass mental health records, and because the Court is not deciding a motion for protective order over any specific records in this order, the Court also refers to these records interchangeably.

substantiating the nexus between Defendant's conduct and Plaintiff's condition," and "Plaintiff's own sworn declaration and deposition testimony concerning his distress." (ECF No. 75 at 3).

For the limited purpose of compelling a HIPAA release, the Court finds that Plaintiff has waived his privacy interests in his mental health and medical records by alleging emotional distress damages. This is not to say that Plaintiff is precluded from raising his privacy interests over certain specific records, seeking a protective order regarding Defendant's subpoenas, or asserting the psychotherapist-patient privilege at some other stage in the litigation. But, because Plaintiff has put his mental health at issue in this litigation, he may not prevent Defendant from seeking any of his mental health and medical records at all by refusing to sign a HIPAA release. So, the Court grants Defendant's motion to compel.

### III.     Plaintiff's motion to quash.

Plaintiff moves to quash Defendant's subpoenas to Plaintiff's former and current employers—the U.S. Navy; Amazon/Pinnacle Logistics; Aryzta Bakery; Bird's Eye; Kellogg Company; Solina, Inc.; and W.W. Grainger—and one of his mental health providers—BetterHelp—seeking Plaintiff's employment records and health records. (ECF No. 77). Plaintiff argues that the entities to whom Defendant sent its subpoenas "include employers and providers with no clear relationship to the retaliation claim at issue." He adds that the subpoenas are overly burdensome on their recipients and pose a privacy risk to Plaintiff.

However, Plaintiff did not meet and confer with Defendant before bringing his motion. *See* Nevada Local Rule ("LR")[2] 26-6(c) (explaining that "[d]iscovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion and (2) includes a declaration setting forth the detail and results of the meet-and-confer conference about each disputed discovery request."); *see* LR IA 1-3(f). Plaintiff has also brought a motion to quash, rather than a motion for protective order. But a motion for protective order is the more appropriate vehicle through which to challenge subpoenas

---

[2] This refers to the Local Rules for the United States District Court for the District of Nevada, which can be found online at https://www.nvd.uscourts.gov/court-information/rules-and-orders/

issued to non-parties, like the subpoenas at issue here.³ So, the Court will deny Plaintiff's motion to quash without prejudice.

### IV. Defendant's motion to compel Plaintiff's notes.

Defendant moves to compel Plaintiff to produce a set of notes to which Plaintiff repeatedly referred and read from during his deposition, but that Plaintiff has refused to produce to Defendant. (ECF No. 81). However, Defendant has not included a certification that it has met and conferred with Plaintiff prior to bringing its motion. *See* Fed. R. Civ. P. 37(a)(1)(explaining that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action"); *see* LR 26-6(c); *see* LR IA 1-3(f). So, the Court denies Defendant's motion without prejudice.

### V. Defendant's motion to seal.

Defendant moves to seal two exhibits to its response to Plaintiff's motion to quash, explaining that the documents constitute excerpts from Plaintiff's deposition—referencing his medical records—and Plaintiff's medical records. (ECF No. 82). Plaintiff responds, taking "no position on the necessity of redacting narrative portions of Defendant's filing beyond the

---

³ "[A] party lacks standing under Fed. R. Civ. P. 45[(d)(3)(A)] to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *G.K. Las Vegas Ltd. Partnership v. Simon Property Group, Inc.*, No. 2:04-cv-01199-DAE-GWF, 2007 WL 119148, at* 4 (D. Nev. Jan. 9, 2007); *compare In re Rhodes Companies, LLC*, 475 B.R. 733, 740 (D. Nev. Apr. 30, 2012) (declining to adopt the "personal right or privilege" standing rule for motion to quash subpoenas). "A party's objection that the subpoena issued to the non-party seeks irrelevant information or imposes an undue burden on the non-party are not grounds on which a party has standing to move to quash a subpoenas issued to a non-party, especially where the non-party, itself, has not objected." *G.K. Las Vegas Ltd. Partnership*, 2007 WL 119148 at* 4. "A party can, however, move for a protective order in regard to a subpoena issued to a non-party if it believes its own interest is jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information." *Id.* at *3; *see* Fed. R. Civ. P. 26(c)(1); *see also First Am. Title Ins. Co. v. Commerce Assocs., LLC*, No. 2:15-cv-00832-RFB-VCF, 2017 WL 53704, at *1 (D. Nev. Jan. 3, 2017). Under Federal Rule of Civil Procedure 26(c)(1), a motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

protection of medical data and personal identifiers." (ECF No. 86). Defendant did not file a reply.

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). For records attached to motions not more than tangentially related to the merits of the case, the "good cause" standard applies. *See Ctr. for Auto Safety*, 809 F.3d 1095, 1101. Courts frequently find the privacy interests that parties have in their medical records and documents referencing those records to constitute good cause to seal those documents. *See Ansara v. Maldonado*, No. 2:19-cv-01394-GMN-VCF, 2022 WL 17253803, at *3 (D. Nev. Nov. 1, 2022) (explaining that "sensitive and private medical information protected by HIPAA" meets the compelling reasons standard); *see Steven City Broomfield v. Aranas*, No. 3:17-cv-00683-MMD-WGC, 2020 WL 2549945, at *2 (D. Nev. May 19, 2020) (compiling cases).

Here, Defendant seeks to seal exhibits to its response to Plaintiff's motion to quash, which response is not more than tangentially related to the merits of the case. So, the good cause standard applies. And because Defendant seeks to seal Plaintiff's medical records and portions of his deposition transcript that mention his medical data, the Court finds that Defendant has shown good cause to seal these documents. The Court grants Defendant's motion to seal.

///

///

///

**IT IS THEREFORE ORDERED** that Defendant's motion to extend discovery (ECF No. 71) is **granted.** The following deadlines shall govern discovery:

| | |
|---|---|
| Expert disclosures: | August 20, 2025 |
| Rebuttal expert disclosures: | September 22, 2025 |
| Discovery cutoff: | October 21, 2025 |
| Dispositive motions: | November 18, 2025 |
| Joint pretrial order: | December 22, 2025[4] |

**IT IS FURTHER ORDERED** that Defendant's motion to compel Plaintiff to sign a HIPAA authorization (ECF No. 74) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to quash (ECF No. 77) and Defendant's motion to compel (ECF No. 81) are **denied without prejudice** for their failure to include a certification regarding the parties' meet and confer efforts.

**IT IS FURTHER ORDERED** that Defendant's motion to seal (ECF No. 82) is **granted.** The documents filed under seal at ECF No. 84 shall remain sealed.

**IT IS FURTHER ORDERED** that Defendant's supplemental motion to extend discovery (ECF No. 96) is **denied.**

DATED: July 3, 2025

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[4] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.