**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Preston House,

    Plaintiff

v.

TH Foods, Inc.,

    Defendant

Case No.: 2:24-cv-01326-JAD-DJA

**Order Granting in Part and Denying in Part Plaintiff's Motions to Seal**

[ECF Nos. 93, 94]

    Plaintiff Preston House seeks to seal or redact various exhibits attached to his summary-judgment motion on the basis that defendant TH Foods, Inc. designated those documents as "confidential" during discovery.[1] "The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[2] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[3] "A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."[4] "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[5]

    "To seal the records, the district court must articulate a factual basis for each compelling reason to seal[,] [which] must continue to exist to keep judicial records sealed."[6] The Ninth

---

[1] ECF Nos. 93, 94.

[2] *In re Midland Nat. Life Ins. Co. Annuity Sales Prac. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Comm'ns., Inc.*, 435 U.S. 589, 597 (1978)).

[3] *Id.* (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[4] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[5] *Id.* (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

[6] *Id.* (citing *Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1136).

Circuit has, however, "'carved out an exception to the presumption of access' to judicial records" that is "'expressly limited to' judicial records 'filed under seal when attached to a non-dispositive motion.'"[7] "Under the exception, 'the usual presumption of the public's right is rebutted[,]'" so "a particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions."[8]

     I find that the higher compelling-reasons standard applies in this context because House's underlying summary-judgment motion is dispositive. I find that Exhibit D and four pages of Exhibit G contain House's confidential medical records and taxpayer information, so I conclude that there are compelling reasons to seal those exhibits. But Exhibits B, C, F, H, I, and the rest of G do not contain any information that justifies keeping those records private. House does not argue that compelling reasons exist to seal those records; he merely states that TH Foods designated them as confidential when they were produced in discovery.[9] But reliance on a protective order does not provide a compelling reason that rebuts the presumption of access to records filed on the court's public docket.[10] And TH Foods has not filed a response to House's motion arguing that those documents should remain sealed. Indeed, it has publicly filed many of the same documents as exhibits to its summary-judgment motion.[11] I have further reviewed

---

[7] *Id.* (quoting *Foltz*, 331 F.3d at 1135).

[8] *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *Foltz*, 331 F.3d at 1135, 1138).

[9] *See* ECF Nos. 93, 94.

[10] *See Kamakana*, 447 F.3d at 1183.

[11] *Compare* ECF No. 90-5 *with* ECF No. 143-11 (both containing House's performance-improvement plan).

Exhibits B, C, F, H, I, and G and, except for the 4 pages of Exhibit G containing IRS documents, I conclude that compelling reasons do not exist to keep those records sealed.

## Conclusion

IT IS THEREFORE ORDERED that Preston House's motions to seal **[ECF Nos. 93 and 94] are GRANTED in part and DENIED in part**. The Clerk of Court is directed to **MAINTAIN THE SEAL on ECF No. 90-7 and ECF No. 90-10**. The Clerk of Court is further directed to **UNSEAL ECF Nos. 90-5, 90-6, 90-9, 90-11, and 90-12.** The Clerk of Court is further directed to **SEPARATE** pages 1 and 6–16 from ECF No. 90-10, **FILE** those pages unsealed as Exhibit G-2, and link that docket entry to plaintiff's motion for summary judgment at ECF No. 90.

_____
U.S. District Judge Jennifer A. Dorsey
August 6, 2025