# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Preston House,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>TH Foods, Inc.,<br><br>　　　　　　　　Defendant. | Case No. 2:24-cv-01326-JAD-DJA<br><br>**Order** |

Before the Court is pro se Plaintiff Preston House's motion to compel (ECF No. 169), motion to clarify and preclude use of deposition preparation notes (ECF No. 180), and motion to shorten time (ECF No. 189).

Plaintiff's motion to compel does not include a declaration setting forth the details and results of Plaintiff's meet and confer conference with Defendant about each disputed discovery request. *See* Fed. R. Civ. P. 37(a)(1); LR 26-6(c). So, the Court denies Plaintiff's motion to compel without prejudice.[1]

Plaintiff's motion to clarify and preclude use of deposition preparation notes really asks the Court to reconsider its prior order compelling Plaintiff to produce his deposition notes. (ECF No. 180). While Plaintiff asserts that he is not seeking reconsideration, but a "narrow clarification on the use of [his] notes at later stages of litigation," Plaintiff's arguments that the documents are protected work product are repetitive of his prior arguments. *Compare* (ECF No. 111) *with* (ECF No. 180). So, to the extent he asks the Court to revisit the issue of whether his

---

[1] Because the Court denies Plaintiff's motion to compel, and because Defendant does not separately move for sanctions on this issue, the Court does not consider Defendant's arguments regarding Plaintiff's apparently hallucinated or improperly cited case law at this stage. *See* LR IC 2-2(b) (explaining that, for each type of relief requested or purpose of a document, a separate document must be filed).

notes are work product, Plaintiff asks the Court to reconsider its prior decision. But Plaintiff does not properly brief the standard for reconsideration or provide legitimate reasons for the Court to reconsider its decision. *See* LR 59-1 (addressing the standards for motions for reconsideration).

To the extent Plaintiff asks the Court to determine how Defendant may use Plaintiff's notes at some future stage of litigation, Plaintiff's request is premature. Plaintiff has not identified how Defendant has attempted to "use" the documents or why that particular use is improper. Without more, Plaintiff is essentially seeking an advisory opinion involving "advance expressions of legal judgment" where issues lack "clear concreteness." *U.S. v. Fruehauf*, 365 U.S. 146, 157 (1961). However, "[t]he rule against advisory opinions is the oldest and most consistent thread in the federal law of justiciability." *Ctr. for Biological Diversity v. U.S. Forest Serv.*, 925 F.3d 1041, 1047 (9th Cir. 2019) (internal quotation marks and citation omitted). The Court declines to issue the advisory opinion Plaintiff seeks and denies his motion.

Plaintiff also moves the Court to consider his motions for protective order over Defendant's depositions of third parties Johanna Gastelum and Zhibek Alkanova on an emergency basis, pointing out that the depositions are scheduled for September 30, 2025. (ECF No. 189). The Court does not find that emergency consideration is necessary. *See* LR 7-4(c). and Plaintiff has not included a certification that "after participation in the meet-and-confer process to resolve the dispute, [Plaintiff] has been unable to resolve the matter without court action." *See* LR 7-4(a)(3). So, the Court denies the motion. Response and reply briefs will be due in the ordinary course. The Court will further stay the depositions of Gastelum and Alkanova until the Court decides Plaintiff's motions for protective order.

Finally, Plaintiff has filed a "notice of supplemental authority." (ECF No. 186). Plaintiff has filed this supplement without leave of Court. *See* LR 7-2(g). So, the Court strikes it. *See id.*

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 169) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to clarify and preclude use of deposition preparation notes (ECF No. 180) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to shorten time (ECF No. 189) is **denied.** Response and reply briefs are due in the ordinary course.

**IT IS FURTHER ORDERED** that the depositions of Johanna Gastelum and Zhibek Alkanova are **stayed** until the Court decides Plaintiff's motions for protective order.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **strike** Plaintiff's notice of supplemental authority (ECF No. 186).

DATED: September 22, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE