# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Preston House, | Case No. 2:24-cv-01326-JAD-DJA |
| Plaintiff, | |
| v. | Order |
| TH Foods, Inc., | |
| Defendant. | |

Before the Court are Defendant's motions to seal (ECF Nos. 202, 216, 232) and motion to strike (ECF No. 241). Because the Court finds that Defendant has shown good cause to protect the information at issue, but that Defendant should redact, rather than seal, certain of the documents at issue, the Court grants in part and denies in part two of Defendant's motions (ECF Nos. 202, 232) and grants the third (ECF No. 216). Because the Court does not find that Defendant has demonstrated a basis for the Court to strike portions of Plaintiff's response to one of its motions to seal, the Court denies Defendant's motion to strike. (ECF No. 241).

**I.   Discussion.**

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). A party seeking to seal judicial records attached to motions more than tangentially related to the merits of the case must meet the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101. For records attached to motions not more than tangentially related to the merits of the case, the "good cause" standard applies. *See Ctr. for Auto Safety*, 809 F.3d 1095, 1101. That a party has designated a document as confidential under a protective order does not, standing alone, establish sufficient grounds to

seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133, 1138 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *E.g., Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterp. Co. v. Superior Court*, 464 U.S. 501, 513 (1984)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

Many courts in the Ninth Circuit have recognized that the need to protect medical privacy qualifies as a compelling reason for sealing records. *See Steven City Broomfield v. Aranas*, No. 3:17-cv-00683-MMD-WGC, 2020 WL 2549945, at *2 (D. Nev. May 19, 2020) (compiling cases); *see Ansara v. Maldonado*, No. 2:19-cv-01394-GMN-VCF, 2022 WL 17253803, at *3 (D. Nev. Nov. 1, 2022).

Here, as a preliminary matter, the Court finds that the good cause standard applies to all three of Defendant's motions to seal. It therefore analyzes those motions using that lower standard.

### A. Motion to seal (ECF No. 202).

Defendant moves to seal three exhibits to its response to Plaintiff's motions for protective order and to quash. (ECF Nos. 199) (sealed response); (ECF No. 200) (unsealed response); (ECF No. 201) (sealed response); (ECF No. 201) (unsealed response). Those exhibits include a declaration of Defendant's HR director describing a conversation she had with Plaintiff's fiancé regarding Plaintiff's medical situation (Exhibit B), an excerpt of Plaintiff's medical records that the Court has already found good cause to seal in a separate order (Exhibit C), and excerpts of Plaintiff's deposition describing personal and medical issues (Exhibit D). Defendant also moves to redact portions of its responses that reference Plaintiff's medical issues. Defendant asserts that there is good cause to seal the exhibits and the unredacted responses because they contain

Plaintiff's personal and medical information.  (ECF No. 202).  Defendant's sealed motions indicate that Defendant mailed copies of the motions to Plaintiff.  (ECF Nos. 199, 201).

Plaintiff opposes the motion, arguing that it is Defendant's attempt to "distort the record while depriving Plaintiff the ability to fully test or rebut [the documents] in open proceedings." (ECF No. 207).  Plaintiff appears to take issue with the fact that Defendant only attached portions of Plaintiff's deposition, while "omitting the full transcript that confirms the retaliation timeline," and attaching a "litigation-driven declaration curated by Defendant."  These are not legitimate challenges to sealing the material.  Instead, Plaintiff appears to be under the impression that Defendant is hiding information by only providing portions of the deposition and that Defendant's declaration is biased.  However, Defendant is permitted to only attach portions of exhibits that are relevant to its motions and to submit declarations that support its position. Plaintiff also appears to be under the impression that, by sealing the information on the docket, Defendant is "den[ying] the Court and the jury the whole picture."  However, the Court can view sealed materials, Defendant has sent Plaintiff the sealed material, and sealing items on the docket has nothing to do with what evidence the parties later present to the jury at trial.  Plaintiff's opposition is not persuasive.

On the other hand, Defendant has sought to seal certain documents that are better redacted. Not all of Exhibits B or D contain Plaintiff's medical information.  And while certain of the information Defendant seeks to seal is "personal" to Plaintiff, Plaintiff does not provide any reason in his response that the Court should retain that information under seal.  The Court will therefore grant in part and deny in part Defendant's motion to seal, will retain ECF Nos. 199 and 201 under seal, and will require Defendant to file redacted versions of Exhibits B and D to those responses on the public docket.

**B.     *Motion to seal (ECF No. 216) and motion to strike (ECF No. 241).***

Defendant moves to seal two exhibits to its response to Plaintiff's motions for protective order and to quash.  (ECF No. 216).  Defendant explains that both exhibits, Exhibits B and C, are Plaintiff's medical records.  (ECF No. 217) (sealed version of response and exhibits).  Defendant adds that it seeks to redact portions of the response that reference these records.

Plaintiff opposes the motion. (ECF No. 222). He asserts that Defendant's motion to seal "is not a genuine confidentiality measure [but] is yet another in a series of procedural diversions designed to stall adjudication, reframe the record, and mischaracterize Plaintiff's fully compliant discovery posture." Plaintiff asserts that, through its sealing motion, Defendant is making "a backdoor attempt to suggest that medical or mental-health issues predated TH Foods' retaliation." Plaintiff concludes that he "does not oppose the sealing of personal medical information per se," but argues that the timing of Defendant's sealing motion somehow makes it improper. Plaintiff asks the Court to award him sanctions "for Defendant's continued bad-faith discovery conduct."

Defendant replies (ECF No. 240) and moves to strike portions of Plaintiff's response (ECF No. 241). Defendant points out that it is simply following the terms of the parties' stipulated protective order and that if Plaintiff wishes to remove the protective order language protecting his medical records, he may do so. Defendant moves the Court to strike the portion of Plaintiff's response purporting to "notify" the Court about his grievances, arguing that that portion of his response does not seek any relief from the Court and is irrelevant to the motion to seal.[1]

Plaintiff responds to the motion to strike, arguing that Defendant is attempting to "bury damaging evidence" and taking issue with Defendant's attempt to use Plaintiff's medical records to support its defense. (ECF No. 245). Plaintiff also opposes Defendant's motion to strike and requests that the Court award him sanctions under Federal Rule of Civil Procedure 37(a)(5)(A).

Here, the Court finds that Defendant has shown good cause to seal the exhibits at issue in its motion to seal—which consist entirely of Plaintiff's medical records—and so grants that motion. (ECF No. 216). However, the Court denies Defendant's motion to strike. (ECF No. 241). Although Plaintiff's response does not meaningfully oppose the motion to seal, raises

---

[1] Plaintiff filed two apparently identical sur-replies to Defendant's reply without leave of court. (ECF Nos. 244, 246). The Court has already warned Plaintiff that he is not permitted to file sur-replies without leave of Court. (ECF Nos. 162). The Court will therefore strike Plaintiff's sur-replies. It further warns him that **any future sur-replies that he files without leave of court will result in the imposition or recommendation of sanctions against him.**

irrelevant arguments, and requests sanctions without separately moving for that relief,[2] the Court does not find these deficiencies to justify striking portions of Plaintiff's response. And Defendant does not identify a basis for the Court to do so. The Court will not, as Plaintiff requests, award Plaintiff sanctions. Plaintiff has not separately moved for sanctions and Federal Rule of Civil Procedure 37(a)(5)(A) does not provide for sanctions related to a motion to strike.

### C. Motion to seal (ECF No. 232).

Defendant moves to seal an exhibit to its motion for mental examination of Plaintiff. (ECF No. 232). Defendant explains that the exhibit, Exhibit C, consists of Plaintiff's deposition transcripts referencing his medical records and health information. Defendant also seeks to redact portions of its response referring to those records. (ECF No. 231) (sealed response and exhibits). Plaintiff responds and argues that Defendant's motion to seal "is a tactical smokescreen to launder an improper Rule 35 mental-exam demand through the Court's sealing mechanism." (ECF No. 238) (ECF No. 242).[3] Plaintiff also uses his response to argue against Defendant's underlying motion for a Federal Rule of Civil Procedure 35 examination and to again seek sanctions under Federal Rule of Civil Procedure 37(a)(5)(A), a protective order from the examination, and an order striking Exhibit C all without separately moving for that relief. Defendant filed a reply, explaining again that it is simply attempting to follow the terms of the parties' protective order by filing any of Plaintiff's medical records or documents referencing those medical records under seal. (ECF No. 253). Defendant also notes that Plaintiff appears to use a hallucinated case in his response.[4]

Again, Plaintiff misunderstands the purpose of a sealing motion and of Defendant's motion to seal in this instance. Defendant is not hiding information from Plaintiff or the Court. It is attempting to protect Plaintiff's medical records from public viewing. Here, the Court finds

---

[2] *See* LR IC 2-2(b) (explaining that for each type of relief requested or purpose of a document, a separate document must be filed and a separate event must be selected for that document).

[3] ECF No. 242 appears to be a duplicate response.

[4] The Court will address Plaintiff's apparent use of artificial intelligence at its upcoming November 26, 2025, hearing.

Page 5 of 6

1  that Defendant has sufficiently shown good cause to protect certain of the information in the
2  response and the exhibit at issue.  But the Court notes that the transcripts at issue can be redacted,
3  rather than sealed entirely.  The Court will therefore grant in part and deny in part Defendant's
4  motion.  (ECF No. 232).  The Court will retain the documents under seal.  (ECF No. 231).  But
5  the Court will also require Defendant to file a redacted version of Plaintiff's deposition transcript
6  on the public docket.  The Court denies Plaintiff's requests for sanctions, for a protective order,
7  and to strike, which relief he improperly seeks in his response.

8      **IT IS THEREFORE ORDERED** that Defendant's motion to seal (ECF No. 202) is
9  **granted in part and denied in part.**  It is granted in part regarding Defendant's request that the
10 Court retain ECF Nos. 199 and 201 under seal.  It is denied in part because the Court will require
11 Defendant to file redacted versions of Exhibits B and D to ECF Nos. 199 and 201 on the public
12 docket.  Defendant must file these exhibits on or before **November 24, 2025.**

13     **IT IS FURTHER ORDERED** that Defendant's motion to seal (ECF No. 216) is
14 **granted.**

15     **IT IS FURTHER ORDERED** that Defendant's motion to seal (ECF No. 232) is **granted
16 in part and denied in part.**  It is granted in part regarding Defendant's request that the Court
17 retain ECF No. 231 under seal.  It is denied in part because the Court will require Defendant to
18 file a redacted version of Exhibit C to ECF No. 231 on the public docket.  Defendant must file
19 this exhibit on or before **November 24, 2025.**

20     **IT IS FURTHER ORDERED** that Defendant's motion to strike (ECF No. 241) is
21 **denied.**

22     **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **STRIKE**
23 Plaintiff's sur-replies (ECF Nos. 244, 246).  **Any further filing of sur-replies without leave of
24 Court will result in the imposition or recommendation of sanctions.**

26     DATED: October 24, 2025,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE