UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Preston House,

    Plaintiff

v.

TH Foods, Inc.,

    Defendant

Case No.: 2:24-cv-01326-JAD-DJA

**Order Overruling Objection to Magistrate Judge's Order, Denying as Moot Plaintiff's Motion to Stay Enforcement, and Denying Motions for Summary Judgment Without Prejudice as Premature**

[ECF Nos. 90, 143, 288, 289]

    Pro se plaintiff Preston House objects to the magistrate judge's November 17, 2025, order reopening discovery, compelling him to execute a HIPPA authorization, and compelling him to sit for a mental-health examination under Federal Rule of Civil Procedure (FRCP) 35. Because House hasn't shown that the magistrate judge's orders were clearly erroneous or contrary to law, I overrule his objection. And because discovery that is relevant to the parties' dispute is still ongoing in this case, I deny without prejudice the summary-judgment motions that were prematurely filed in this action.

**Discussion**

    A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[1] This standard of review "is significantly deferential" to the magistrate judge's determination.[2] A district court overturns a magistrate judge's

---

[1] L.R. IB 3-1(a).

[2] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for So. Cal.*, 508 U.S. 602, 623 (1993).

determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[3] or a relevant statute, law, or rule has been omitted or misapplied.[4]

### A. House hasn't shown that the magistrate judge erred in compelling him to sign a HIPPA authorization with a June 30, 2026, expiration date.

In his summary-judgment motion, House alleges that he was "hospitalized for a psychiatric emergency directly linked to workplace retaliation."[5] In response to House's allegations, TH Foods sought discovery related to his mental health, including requesting a HIPPA authorization for his medical records.[6] The magistrate judge previously granted TH Foods's motion to compel the HIPPA authorization and House signed it.[7] But that authorization didn't include an expiration date, which some providers required before releasing responsive records. TH Foods asked House to sign a new authorization with an expiration date of "the conclusion of this action or December 31, 2026," but House refused.[8] So TH Foods filed another motion to compel House's signature on an authorization form that included an expiration date.[9] The magistrate judge granted that motion, reiterating that he had already found that House put his health in controversy when he "claimed emotional distress damages in this lawsuit and

---

[3] *Id.* (internal quotation marks omitted).

[4] *See Grimes v. City and County. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[5] ECF No. 90 at 2.

[6] *See* ECF Nos. 103, 296. TH Foods also subpoenaed records from some of House's medical providers, and the magistrate judge denied House's motions to quash those subpoenas. *See* ECF No. 296. House does not object to that portion of the magistrate judge's ruling.

[7] *See* ECF No. 103.

[8] ECF No. 227-1.

[9] ECF No. 227.

seeks millions of dollars in damages"[10] and setting an expiration date of June 30, 2026, as a proxy for the end of this case.[11]

House objects to this ruling because "a release through June 30, 2026, radically exceeds any proper scope" and his "garden-variety emotional distress" allegations didn't waive his privilege for his mental-health records.[12] But House's claims of emotional distress are hardly garden-variety. He claims that he was hospitalized for psychiatric reasons as a direct result of the alleged discrimination and retaliation he faced at work, alleged that he is entitled to future non-economic losses, and seeks millions of dollars in related damages. I find that the magistrate judge didn't err when he concluded that House put his mental health in controversy in a manner that permitted an ongoing HIPPA authorization through the end of this case.

### B.   House hasn't shown that the magistrate judge erred in compelling a physician examination under FRCP 35.

House also objects to the magistrate judge's ruling compelling him to sit for a mental-health examination.[13] He contends that TH Foods "provided no specific factual showing" that his mental or physical condition is in controversy or that good cause exists to permit the examination.[14] But, as I concluded in overruling House's objection to the HIPPA authorization, the magistrate judge didn't err when he concluded that House placed his mental health in controversy through his allegations and requested relief in this case. And TH Foods addressed the good-cause factor in its initial brief requesting a FRCP 35 examination, arguing that it "is

---

[10] ECF No. 103 at 3.
[11] ECF No. 296 at 31:17–19.
[12] ECF No. 288 at 3.
[13] *Id.* at 4.
[14] *Id.*

entitled to prove whether [House] may have had pre-existing emotional, mental, physical, or behavioral conditions that were not caused by TH Foods's conduct" and pointing out inconsistencies and contradictions in the medical records that House had provided thus far.[15] Though the magistrate judge didn't explicitly reference the good-cause standard in his oral ruling compelling an FRCP 35 examination, I conclude that TH Food's arguments support a finding of good cause.  So the magistrate judge's order granting the examination was not clearly erroneous or contrary to law.

      House further contends that, because the magistrate judge's order didn't specify "scope, conditions, provider, duration, methodology, or the issues in controversy" for the FRCP 35 examination, it was erroneous.[16]  But the magistrate judge ordered "that the plaintiff and the defendant meet and confer and submit a proposed order specifying the time, place, manner, condition, and scope of the examination as well as the person or persons who will perform it as required by [FRCP] 35(a)(2)(B)."[17]  House fails to point to any requirement that the judge is required to specify those things without the parties' input.  Indeed, it makes sense to have the parties attempt to come to an agreement about the particulars of an FRCP 35 examination as they are more familiar with the needs of the case.  So I find that it was not error for the magistrate judge to seek a stipulated proposed order on those issues rather than dreaming up limitations.  I overrule House's objection on this basis.

---

[15] ECF No. 230 at 5 (cleaned up).
[16] ECF No. 288 at 4.
[17] ECF No. 296 at 15:12–17.

**C.    House hasn't shown that the magistrate judge erred in reopening discovery.**

Discovery in this case was set to close on October 21, 2025.[18] On October 16th, TH Foods moved to extend that deadline, arguing that House's attempts to prevent discovery required an extension of time for the court to resolve several pending discovery motions and for the parties to conduct further discovery based on the outcome of those motions.[19] The magistrate judge concluded that TH Foods had shown good cause for the extension based primarily on the finding that "the plaintiff has essentially prevented the defendants from conducting any discovery."[20]

House objects to the magistrate judge's order reopening discovery, arguing that TH Foods didn't show diligence or extraordinary circumstances to justify that relief.[21] But TH Foods only needed to show good cause, not diligence or extraordinary circumstances. FRCP 16(b)(4) permits a discovery schedule to be modified "only for good cause and with the judge's consent." This district's local rule 26-3 requires a showing of good cause if a motion to extend a deadline is filed within 21 days before the deadline expires.[22] So the magistrate judge did not err by evaluating TH Foods's request under the good-cause standard.

House also objects to the magistrate judge's finding that he has prevented discovery, contending that this characterization "is unsupported by any specific record findings."[23] A quick review of the docket in this case, as well as the magistrate judge's remarks in his oral order

---

[18] *See* ECF No. 103 at 9.
[19] ECF No. 224.
[20] ECF No. 296 at 16:3–4.
[21] ECF No. 288 at 2–3.
[22] L.R. 26-3.
[23] ECF No. 288 at 3.

extending the discovery deadline, belies House's assertion.  House has taken a deeply adversarial approach to discovery, refusing to produce relevant information and filing endless motions, objections, and notices in this case.  In addressing other discovery issues raised by House, the magistrate judge found that he failed to properly or timely object to requests, requiring TH Foods to seek court orders compelling production, and he moved to quash third-party subpoenas despite the fact that he lacked standing to do so.  I find that the record supports the magistrate judge's conclusion that House's discovery conduct warrants an extension of the discovery deadline, so I overrule House's objection on that basis.

**D.     The magistrate judge didn't err when he scolded House about the use of AI.**

Finally, House objects to the magistrate judge's admonition that House double-check his citations because many appear to be nonexistent and instead generated by AI.  He contends that, because the magistrate judge didn't explicitly identify any cases that didn't exist or any misquotations that he made in his briefs, the magistrate judge's conclusion that his briefs contained AI-generated or hallucinated cases was error.[24]

House's objection is absurd and demonstrably false.  Indeed, TH Foods points to a list of nonexistent or misquoted cases that he relies on in his objection itself.[25]  This court has confirmed that each case TH Foods lists either does not exist or cites to a case that comes from a different court than House contends and does not stand for any of the propositions that House claims.  TH Foods pointed out other nonexistent or hallucinated cases in House's briefs that were pending before the magistrate judge.[26]  I find that the magistrate judge did not err when he

---

[24] *Id.* at 4.

[25] *See* ECF No. 293 at 9–10.

[26] *See e.g.*, ECF Nos. 260, 275.

generally admonished House about his use of nonexistent, hallucinated, or misquoted cases merely because the judge didn't list the many examples scattered throughout House's briefs. House is again reminded that he must verify that the authority he relies on in his briefs is real and stands for the proposition that he attributes to it. A continued failure to do so will result in sanctions.

### E. The parties' summary-judgment motions are denied without prejudice to their ability to be refiled closer to the dispositive-motion deadline.

House and TH Foods both filed motions for summary judgment before discovery in this case closed. Since that time the parties have been embroiled in several discovery disputes and the discovery cut-off date has been extended to January 2026.[27] Both of the summary-judgment motions rely on disputes of evidence that haven't been discovered yet or are at issue in recent discovery orders and objections.[28] I find that ruling on these motions would deprive the parties of the ability to support their arguments with evidence developed in ongoing discovery. It also deprives the court of the ability to evaluate these motions with the benefit of a complete record. So I deny the parties' motions for summary judgment without prejudice to their ability to refile them closer to the March 18, 2026, dispositive-motion deadline. I advise the parties that they must refile all exhibits and arguments they wish to be considered when they file their renewed motions. The parties are also cautioned that further summary-judgment motions filed before discovery is completed may be denied without prejudice.

---

[27] ECF No. 287.

[28] *See* ECF No. 144 at 5 (noting in response to House's statement of facts that "discovery in this matter," including discovery on relevant issues in dispute "is ongoing and is the subject of protective order disputes before the Court"); ECF Nos. 288, 289 (motions related to ongoing discovery disputes).

**Conclusion**

IT IS THEREFORE ORDERED that the parties' motions for summary-judgment **[ECF Nos. 90, 143] are DENIED without prejudice** to their ability to refile those motions by the extended dispositive-motion deadline.

IT IS FURTHER ORDERED that Preston House's objection to the magistrate judge's order **[ECF No. 288] is OVERRULED.**

IT IS FURTHER ORDERED that Preston House's motion to stay enforcement of the magistrate judge's order pending resolution of his objection **[ECF No. 289] is DENIED as moot.**

_____
U.S. District Judge Jennifer A. Dorsey
December 11, 2025